[No. 7147. Decided July 16, 1908.]

PETER BERG, *Appellant*, v. RUBY MINING COMPANY, *Respondent.*[2]

Appeal from a judgment of the superior court for Okanogan
county, Steiner, J., entered July 1, 1907, upon findings in favor of
the defendant, after a trial on the merits before the court without
a jury, in an action for conversion. Affirmed.

*E. W. Taylor*, for appellant.
*Myron A. Folsom* and *E. K. Pendergast*, for respondent.

PER CURIAM.—Action by Peter Berg, plaintiff, against the Ruby
Mining Company, a corporation, defendant, to recover the value of
certain ores alleged to have been taken from ground included within
mining claims of the plaintiff. The defendant denied that plaintiff
owned the ground from which the ores had been taken. By cross-
complaint it asked to have its title quieted in and to mining claims
owned by it, which included the ground in dispute. From a judg-
ment in favor of the defendant, the plaintiff has appealed.

The appellant owns the Boston Boy and Rush mining claims, in
the Similkameen mining district, in Okanogan county, Washington,
and the respondent owns the Crescent and Labyrinth claims in the
same district. Appellant's claims were originally located by his

[1]Reported in 96 Pac. 1119.
[2]Reported in 96 Pac. 683.

predecessors in 1891, and relocated by him, by amended locations and notices, in 1905. Respondent's claims were originally located by its predecessors in 1902, and relocated by it, by amended locations and notices, in 1904. These locations of the respective parties being in conflict, the principal issue between them is whether the appellant or respondent owns the disputed territory.

The trial court in substance found that, for more than ten years last past, the appellant and his predecessors in interest have been the owners of the Boston Boy and the Rush mining claims, the same being located within certain boundary lines as contended by respondent; that neither the appellant nor his predecessors in interest have at any time been in possession of, or entitled to, any of the disputed ground involved in this action; that neither the respondent nor any of its officers, agents, or employees have at any time entered upon either the Boston Boy or Rush claims, except a small portion of the latter hereinafter mentioned; that they have taken no ores from underneath the surface of appellant's claims; that a small portion of the west end line and the south end line of the Crescent claim owned by respondent was projected over a small portion of the Rush claim owned by appellant; but without damage to the Rush claim, no ores having been taken therefrom; and that the respondent, Ruby Mining Company, is the owner of, is in possession of, and is entitled to the possession of, the Labyrinth and Crescent mining claims on the east side of Mount Chopaca, Okanogan county, Washington, as shown by its amended locations and amended location notices, save and except a small portion of the Crescent claim which, as above mentioned, had been previously located and appropriated by appellant and his predecessors as a part of the Rush claim. Upon these findings, judgment was entered dismissing the appellant's action, and quieting respondent's title to the Labyrinth and Crescent claims, except that small portion of the latter which extended over the Rush claim.

There being no substantial conflict between the parties on questions of law, the controlling question on this appeal is whether the findings and decree are sustained by the evidence. The trial judge saw the witnesses, heard them testify, passed upon their credibility, and at the request of both parties visited the mining claims and made an inspection of the territory in dispute. Having ourselves examined and considered the evidence, which is voluminous and conflicting, we conclude that its clear preponderance sustains the findings of the trial judge, and the final judgment entered thereon.

The judgment is affirmed.